Arthur Zaragoza, Esq.
120 S. Harrison Rd, Ste. 138-155
Tucson, AZ 85748-6731
520-471-6000
SBN #020081
arthur_4321@yahoo.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 4:24-CR-2537- RCC–1 |
| vs. | ) Amended Defendant's Sentencing Memorandum Requesting a Variance |
| Damian Aaron Enriquez, | ) |
| Defendant | ) |

     Defendant Damian Aaron Enriquez, by undersigned counsel, hereby submits this Sentencing Memorandum for his upcoming Sentencing currently set for June 10, 2025 at 9:00 am.  This memo, reflects that Defense counsel agrees that the final Pre sentence report (herein after PSR) states the correct guideline sentence range as 18-24 months, for an offense level 115, with a criminal history category I (herein after, CHC).  Defendant requests probation of three years of supervision, or in the alternative, a sentence of 12 months and one day and three years of supervision, as set forth in the attached Memorandum of Points and Authorities.

     Dated this 2nd day of June, 2025.

                                                                                 s/Arthur Zaragoza

                                                                                 Arthur Zaragoza
                                                                                 Attorney for Defendant

I hereby certify that on June 2, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Assistant U.S. Attorney Raquel Arellano.

MEMORANDUM OF POINTS AND AUTHORITIES

FACTS:

Damian Aaron Enriquez ["Defendant"] has on release status since May 22, 2024. (PSR pg.1 release status) He has the support of his girlfriends, Franceska Tarango and 3 children. (PSR pg. 10, at 51) Damian has accepted responsibility for his involvement in this case, and is sorry for his actions. (PSR pg. 7, at 28) Damian works as a plumber and is hoping to obtain his Master's plumbing license and open his own business one day. (PSR pg. 10, at 52, and pg. 11 at 59) Damian's criminal history score is Zero (PSR, pg. 8 at 42).

The question for this Court to consider is how much prison time, if any, is necessary to meet the sentencing factors set forth in 18 USC §3553(a)(1).  The plea agreement, signed by both parties and counsel, correctly calls for a sentencing range taking into account a CHC I, and an offense level of 15, of a guideline range of 18-24 months of imprisonment. (PSR pg. 11, at 67) Damian by calculation will have been on supervision for 1 year and 18 days when he is sentenced on June 10, 2025. (PSR pg. 1, at release status). He has done well on pretrial release with the exception of dealing with his substance abuse issues. (PSR pg. 10, at 57) Damian at the direction of Pretrial Services enrolled in relapse prevention and successfully completed that program in December 2024. (PSR pgs. 10-11, at 57)

LAW:

1. <u>The Guidelines are advisory, not mandatory</u>.

As this Court is aware, in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), the Supreme Court placed unfettered authority in the hands of the District Courts to sentence defendants uniquely, thereby permitting them to take into account individual circumstances and situations in order to establish a just punishment. As the Court held in *Gall v. United States*,

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Gall v. United States*, 128 S. Ct. 586, 598 (2007), *quoting Koon v. United States*, 518 U.S. 81, 113 (1996).

Pursuant to *Booker* and its progeny, then, guideline calculations are but one factor the Court must consider in sentencing Defendant appropriately, and after considering Guideline §5K, the Court may consider further, reasons for a variance.  The Supreme Court has also held that the Sentencing Commission:

> has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See USSG. Manual §§ 5H1.1-6, 11, and 12 (Nov. 2006). These are, however, matters that §3553(a) authorizes the sentencing judge to consider. See, *e.g.,* 18 U.S.C. § 3553(a)(1)).  *Rita v. United States,* 127 S.Ct. 2456, 2473 (2007).

2. <u>Congress has specified considerations other than the Sentencing Guidelines which a court must consider in imposing a sentence</u>.

-4-

18 U.S.C. §3553(a) provides in pertinent part that "[T]he court, in determining the particular sentence to be imposed, shall consider—…

 (2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

ARGUMENTS:

1. Factors supporting a *Booker* variance:

   a.  No need for additional prison.

   The Defendant, Damian Aaron Enriquez is 26 years old.

   Damian has been doing well for the past year on Pretrial Release.

   Damian supports his girlfriend and their three children, ages 8, 9, and one year old.

   Damian is a hardworking plumber and an amazing father to his children. (PSR pg. 10, at 51)

   Damian's plans for the future are to obtain an Master's in Plumbing and to own his own business and care for his family. (PSR pg. 10, at 52)

   b.  §3553 sentencing considerations would be satisfied by a variance below the guideline range.

   The Damian is 26 years old. He is extremely remorseful and would like to continue to prove that he can be a contributing member of society.

c. A sentence of three years of probation, will accomplish the goal of deterrence. Damian Aaron Enriquez has zero criminal history points, he will have adequate deterrence to abide by the law as he will be expected, while on supervision to abide by the law and if he violates any of his conditions of supervision, he will be facing the original possibility of a 10 year prison sentence. The three year term of supervision will allow the Court to make sure that he is a contributing member of society. If the court decides that a term in prison is necessary, then an alternative sentence of 12 months and one day and three years of supervision, is requested.

CONCLUSION:

For the reasons set forth above, Mr. Damian Aaron Enriquez requests that this Court take into account the unique and individual circumstances in his case, and order the Defendant to a sentence of probation of three years, or in the alternative, a sentence of 12 months and one day, plus three years of supervision.

Respectfully submitted this 2nd day of June, 2025.

                                                                        s/Arthur Zaragoza

                                                                        Arthur Zaragoza
                                                                        Attorney for Defendant